# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN R. SALAZAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-448-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Marilyn R. Salazar (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 12, 1958 and was 53 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a child care worker, a delivery driver, and a laundry worker. Claimant alleges an inability to work beginning July 31, 2009 due to limitations resulting from mental impairments.

## Procedural History

On March 25, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 15, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael Kirkpatrick in McAlester, Oklahoma. On July 21, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on August 29, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past work as a housekeeper cleaner.

## Error Alleged for Review

Claimant first asserts that this Court should consider the medical source statement of Dr. Farrow as new and material evidence

4

in a de novo review of whether substantial evidence supports the ALJ's decision. Claimant also contends the ALJ's RFC conflicts with Dr. Farrow's opinion and the Appeals Council failed to give a basis for rejecting the opinion.

### Consideration of Dr. Farrow's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairment of affective mood disorder. (Tr. 12). He also found Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations that she could perform simple, routine unskilled tasks but not complex tasks that do not require interaction with the general public. (Tr. 14). The ALJ concluded that Claimant could perform her past relevant work as a housekeeper cleaner. (Tr. 18). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of floor waxer, laundry worker, and laundry laborer. The ALJ found these jobs existed in the national and state economies existed in sufficient numbers. (Tr. 19).

Claimant was attended by Dr. Theresa Farrow at the Carl Albert Community Mental Health Center on May 11, 2011. Claimant reported her depression was "a little worse again this month." Extra medication helped a little, but not much. She could sleep a little

5

better with medication, but not much. Claimant reported very low energy and that she was sleeping all of the time. Claimant had distinct periods where she would stay up for several days in a row and be hyper. Claimant was noted as cooperative, hypoactive, and she interacted appropriately. Dr. Farrow noted she had psychomotor retardation with no abnormal movements. Dr. Farrow also diagnosed Claimant as "Probable Bipolar Dep." and placed her on medication for the condition. (Tr. 387).

On August 10, 2011, Dr. Farrow examined Claimant. Claimant was "doing worse" and was "Profoundly depressed." Changes in medication had not helped her condition. Claimant experienced no energy, was sleeping all of the time, had some suicidal thoughts – severe one night – but was able to say she would not act upon them. Claimant was hypoactive with severe psychomotor retardation, no abnormal movements. Her affect was noted as anxious/fearful and depressed/sad with a notation that it was "worse." Claimant's mood was depressed and anxious and was noted as "worse." Dr. Farrow diagnosed Claimant with bipolar depression, severe, without psychotic features, worse. Claimant's response to medication was "ineffective." Dr. Farrow changed many of Claimant's medications, noting that she discussed with Claimant that this many changes at once is unusual, but that "she is desperate." Dr. Farrow did not

believe the changes were "too many." (Tr. 394).

On August 23, 2011, Dr. Farrow authored a medical source statement, noting that her findings were based upon the two examinations she performed on Claimant and that the "remainder of chart reviewed." Dr. Farrow stated Claimant suffered from Bipolar Disorder, Depression, severe without psychotic features, and Panic Disorder with Agoraphobia. (Tr. 399). Dr. Farrow found Claimant had memory difficulties, sleep disturbance, social withdrawal, a past episode of mania, retarded psychomotor activity, feelings of guilt, suicidal ideation, generalized persistent anxiety, mood disturbance, emotional lability, decreased energy, panic attacks, anhedonia or pervasive loss of interests, difficulty concentrating or thinking, and pathological dependence or passivity. (Tr. 398).

Dr. Farrow also estimated Claimant's functional limitations. She found Claimant was extremely limited in the areas of the ability to accept instructions and criticism from supervisors, the ability to understand and remember detailed instructions, the ability to maintain attention and concentration for extended periods in order to perform detailed tasks, the ability to adhere to a schedule and maintain regular attendance, the ability to perform at a consistent pace without an unreasonable number or length of rest periods and the ability to handle normal work

7

stress.  (Tr. 397, 399).  Dr. Farrow also determined Claimant was markedly limited in the areas of the ability to interact appropriately with the public, the ability to work with others without causing distractions, the ability to maintain attention and concentration for extended periods in order to perform simple tasks, and the ability to work close to others without being distracted.  (Tr. 397, 399).

Dr. Farrow's medical source statement was provided to the Appeals Council but was not available at the time the ALJ was considering Claimant's requests for benefits or at the time the ALJ's decision was rendered.  The Appeals Council recognized and considered Dr. Farrow's statement but found "that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. 2).

Additional evidence submitted after the ALJ's decision but before the administrative review by the Appeals Council must be considered if it is new, material, and related to the period on or before the date of the ALJ's decision.  Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004).  Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review."  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Farrow's report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). Given the time frame of Dr. Farrow's examination of Claimant as a treating physician, the findings in his medical source statement may reasonably relate back to the relevant time period. The statement should, therefore, be considered. The Appeals Council did so but with little or no explanation as to the reason for the rejection of the opinion. While the Appeals Council is generally not required to provide specific reasons for rejecting the opinion, it is impossible for this Court to consider whether the Appeals Council found the opinion would have altered the ALJ's analysis when it does not address the issue in its review. Dr. Farrow is one of Claimant's treating physicians and her findings directly conflict with the ALJ's RFC determination. Defendant's contention that the statement conflicts with Dr. Farrow's treatment record holds little weight upon review of the treatment records. Based upon Dr. Farrow's status as a treating physician and the importance of her opinion, her opinion should be considered by the ALJ in assessing Claimant's RFC. On remand, the ALJ shall state

the weight provided to Dr. Farrow's opinion, whether it relates back to the relevant period, and the reasons for accepting or rejecting the opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE